UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOHN PIRO,

            Plaintiff,             FIRST AMENDED COMPLAINT
                                                                              15 CV 3206 (CM)(AJP)

    - against -

THE CITY OF NEW YORK, MAUREEN
MOONEY Shield 2705, JEFFREY LEHN Shield
2286, RICHARD CARRERA Shield 87, FRANK
RIZZO Shield 5599, CHRISTOPHER TABB,
Shield 315, employees of the New York City
Police Department,

            Defendants.             **Jury Trial Demanded**

------------------------------------------------------------x

       John Piro, by his attorney, the Law Office of Matthew Flamm, alleges the following upon information and belief as his First Amended Complaint.

### Nature of the Action

    1.    This civil rights action arises from the February 8, 2014 use of force on and arrest and prosecution of John Piro by New York City Police Officers.  Plaintiff's claims are under the United States Constitution's Fourth, Fifth, Sixth, and Fourteenth Amendments and New York Common Law.  Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

### Venue

    3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff JOHN PIRO is a citizen of the United States of America residing in the State of New York, County of Nassau. At the time of the incidents complained of, he was thirty years of age and had never before been arrested.

5. Defendant The CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed Defendants Mooney, Lehn, Carrera, Rizzo, and Doe 1-2 and the other Police personnel involved in the incident underlying this lawsuit.

6. Defendant MAUREEN MOONEY Shield 2705 was at all times relevant acting within the scope of her employment by the City of New York Police Department and assigned to the Vice Enforcement Division.

7. Defendant JEFFREY LEHN Shield 2286 was at all times relevant acting within the scope of his employment by the City of New York Police Department and assigned to the Brooklyn North Narcotics Division.

8. Defendant RICHARD CARRERA Shield 87 was at all times relevant acting within the scope of his employment by the City of New York Police Department and assigned to the Vice Enforcement Division.

9. Defendant FRANK RIZZO Shield 5599 was at all times relevant acting within the scope of his employment by the City of New York Police Department and assigned to the Vice Enforcement Division.

10. Defendant CHRISTOPHER TABB Shield 315 was at all times relevant a duly appointed and acting Sergeant employed by the New York City Police Department. On February 8, 2014, he was assigned to the Vice Enforcement Division. Defendant Tabb is liable for his direct participation and in failing to intervene to protect the plaintiff from the illegal conduct of his fellow officers.

11. Defendants JOHN DOE 1-2, whose real names and shield numbers are currently unknown, were at all times relevant acting within the scope of their employment by the City of New York Police Department and assigned to the Vice Enforcement Division.

12. At all times relevant herein, Defendants MOONEY, LEHN, CARRERA, RIZZO, and TABB (the "individual Defendants") were acting under color of state law.

### Notice of Claim

13. On or about November 12, 2014, and within ninety days after claims arose, Plaintiff filed a Notice of Claim upon Defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

14. The Notice of Claim was in writing and was sworn to, and contained the name and post office address of the Plaintiff and his attorneys.

15. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

16. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

17. This action was asserted within one year and ninety days after the happening of the events upon which the claims are based.

### Statement of Facts

18. At and after approximately 12:30 a.m. on February 8, 2014, John Piro was lawfully present at and inside of Webster Hall, 125 East 11th Street in Manhattan.

19. As Plaintiff was leaving, he was set upon by New York City Police Officers, including individual Defendants, who assaulted Mr. Piro.

20. Defendants grabbed Mr. Piro and forced him to the floor, causing his head to strike the ground. He was handcuffed and escorted from the premises to a police van.

21. Mr. Piro repeatedly asked why he was being arrested. In response, a Defendant, believed to be Richard Carrera, grabbed Plaintiff's neck and choked him.

22. Mr. Piro was taken to the 6th Precinct Stationhouse, where individual Defendants prepared or allowed to be prepared false police reports accusing Mr. Piro of various crimes, including assault on an officer and strangulation.

23. Mr. Piro was eventually taken to Manhattan Central Booking to await arraignment.

24. While Mr. Piro was awaiting arraignment, Defendant Lehn caused and the other individual Defendants allowed false statements to be made to the New York County District Attorney's Office.

25. The misrepresentations caused Plaintiff's prosecution under New York County Criminal Court Docket Number 2014NY011484 on the false charges of violating Penal Law §120.05(3) (Assault in the second degree, a D Felony punishable by up to seven years imprisonment), PL §121.12 (Strangulation in the second degree, a D Felony punishable by up to seven years imprisonment), and PL §205.30 (Resisting arrest, an A misdemeanor punishable by up to one year imprisonment).

26. Mr. Piro was arraigned on the charges on February 8, 2014.

27. The false evidence presented by the Defendants caused cash bail of four thousand dollars ($4,000) to be set.

28. Bail was posted, and Plaintiff was released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the charges.

29. Mr. Piro returned to Criminal Court on February 13, 2014, June 11, 2014, and October 8, 2014.

30. Mr. Piro, individual Defendants, and others appeared and testified before a Grand Jury in June 2014.

31. On June 9, 2014, the Grand Jury voted No True Bill, that is, they did not indict Mr. Piro.

32. On October 8, 2014, the remaining charge of Resisting Arrest was dismissed on the motion of the District Attorney.

33. The individual Defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Piro was subjected.

34. The individual Defendants' acts and omissions caused John Piro to suffer loss of liberty, physical injury and pain, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities and debasement of the arrest-to-arraignment process and the upset caused by the false testimony and evidence.

35. The individual Defendants' acts and omissions caused John Piro to sustain financial injury, including the expense of retaining a criminal defense attorney.

36. The individual Defendants' acts and omissions injured John Piro professionally, including damaging his professional reputation.

37. The individual Defendants, at all times relevant, and in using force on, arresting, imprisoning, and prosecuting Mr. Piro, and in offering false evidence to the District Attorney, Grand Jurors, and Criminal and Supreme Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

38. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Individual Defendants violated the Fourth and Fourteenth Amendments by using unreasonable force on John Piro.

40. As a consequence thereof, John Piro was injured.

## SECOND CLAIM FOR RELIEF FOR
## VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
## UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
## FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

41. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. By the actions described above, the individual Defendants deprived Mr. Piro of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

43. Plaintiff was unlawfully stopped, arrested and imprisoned, and, as a consequence thereof, John Piro has been injured.

## THIRD CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER THE UNITED STATES CONSTITUTION

44. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45. By the conduct described herein, individual Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Individual Defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Piro without probable cause and with actual malice. The prosecution caused Mr. Piro's liberty to be deprived. The prosecution terminated in Mr. Piro's favor.

47. As a consequence thereof, John Piro has been injured.

## FOURTH CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER NEW YORK COMMON LAW

48. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. By reason of the foregoing, Plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in Plaintiff's favor.

50. As a consequence thereof, John Piro has been injured.

### FIFTH CLAIM FOR RELIEF FOR DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

51. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52. Individual Defendants created false evidence against John Piro.

53. Individual Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

54. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

55. As a consequence thereof, John Piro has been injured.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT TABB FOR IMPROPER SUPERVISION OF HIS SUBORDINATES

56. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

57. At all times relevant, defendant Tabb was employed as a Sergeant by the New York City Police Department with supervisory authority over and responsibility for the conduct of the other individual defendants.

58. Defendant Tabb failed to properly supervise his subordinate or to otherwise take action to remedy the wrong done to the Plaintiff. Defendant Tabb was grossly negligent in supervising the other individual Defendants by, among other things, allowing a Defendant, believed to be Richard Carrera, to choke Mr. Piro, failing properly to report upon the incident, and failing to take any disciplinary action against the other individual Defendants.

59. As a consequence thereof, John Piro has been injured.

### SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

60. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

61. The individual Defendants, despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct to which Plaintiff was subjected, failed to intervene, thereby violating Plaintiffs rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.

62. As a consequence thereof, John Piro has been injured.

### EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

63. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64. The acts complained of herein resulted from Defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who unlawfully arrest, assault, and make false allegations.

65. The Defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, uses of force, and lodging of false allegations, and allowed the individual Defendants to believe that they could with impunity abuse, arrest, and prosecute Mr. Piro.

66. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual Defendants violate arrestees' and others constitutional rights and were and are potentially dangerous, as evidenced by the fact that they have, among other things, been named as defendants in multiple civil rights lawsuits.

67. Defendant City's negligence in screening, hiring, training, disciplining, monitoring, and retaining the Defendants proximately caused Plaintiff's injuries.

68. As a consequence thereof, John Piro has been injured.

<u>Request for Relief</u>

WHEREFORE, Plaintiff respectfully request that judgment be entered that John Piro's rights to be free from unreasonable and excessive force, arrest and prosecution under the United States Constitution were violated together with:

(A) Compensatory damages in an amount to be fixed at trial;
(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;
(C) An award to Plaintiff of the costs and disbursements herein;
(D) An award of attorney's fees under 42 U.S.C. §1988;
(E) Such other and further relief as this Court may deem just and proper.

Dated: September 15, 2015
       Brooklyn, New York

The Law Office of Matthew Flamm
 Attorney for Plaintiff John Piro
26 Court Street, Suite 2208
Brooklyn, New York 11242
(718) 797-3117

By: Matthew Flamm